ings here are of a mixed nature. The question is not limited to the inquiry whether the district court decided the case correctly on the merits, but whether, upon the case as made in this court, the libellant is entitled to recover, and, if so, how much. As to certain questions, the parties will be concluded, if the questions have not been raised in the court below; but, properly speaking, the inquiry here is not a question of affirmance or reversal, but a question of the right to a decree, upon the trial in this court. When no new proofs are presented in this court, and the conclusion is that the decree below was the proper decree upon the proofs, it has become usual to express that conclusion by calling it an "affirmance;" but I regard that as technically inaccurate. The proper decree here is, that the libellant recover, &c., or that the libel be dismissed, and the claimant or respondent recover his costs, when costs are awarded; and no execution should issue until some award of a recovery in this court has been made. In ordinary cases at law, no execution could be issued without such an award, and, although judgment would become final after four days in term, that alone did not warrant the issuing of an execution. The execution herein must be set aside.

[For further proceedings, see note to Case No. 6,129.]

HARRIS, The SARAH. See Cases Nos. 12,-345–12,347.

HARRIS, The SARAH B. See Case No. 12,-344.

HARRIS, The WILLIAM. See Case No. 17,-695.

HARRIS, The WILLIAM A. See Case No. 17,686.

HARRISON, The. See Case No. 5,038.

## Case No. 6,131.

### HARRISON'S CASE.

[1 Cranch, C. C. 159.] [1]

Circuit Court, District of Columbia. March 26, 1804.

#### HABEAS CORPUS—FORM OF PETITION.

Upon petition for habeas corpus, the petitioner must produce a copy of the warrant of commitment, or an affidavit that the jailer refused to give a copy.

Petition for habeas corpus. Robert Harrison was committed for leaving his ship. Act Cong. June 20, 1790, c. 51, § 7 (1 Stat. 134). Discharged.

THE COURT required a petition in writing, and a production of the warrant of commitment, or a copy, or affidavit of refusal of the jailer to give a copy.

[1] [Reported by Hon. William Cranch, Chief Judge.]

## Case No. 6,132.

### HARRISON v. The ANNA KIMBALL.

[Hoff. Op. 464.]

District Court, N. D. California. Nov. 28, 1859.

#### PILOTAGE — PERFORMANCE WITHIN A STATE—ADMIRALTY JURISDICTION.

[1. A contract for pilotage, to be performed wholly within a state, cannot be enforced in admiralty.]

[2. A claim for half pilotage, given by a state law for services offered and refused, cannot be enforced in admiralty.]

[This was a libel in rem by C. H. Harrison against the ship Anna Kimball for half pilotage.]

A. Glassell, for libelant.

T. R. Wise, for claimant.

HOFFMAN, District Judge. The libel in this case is to recover half pilotage claimed to be payable under the laws of this state, when the services of a pilot are offered and declined. The case is clearly not of admiralty jurisdiction. It has been decided by the supreme court, in a recent case, that a contract of affreightment for the transportation of goods from one port to another in the same state, is not cognizable in the admiralty. Maguire v. Card, 21 How. [62 U. S.] 249. They have also decided that liens given by the state laws to material men, who supply domestic vessels, cannot be enforced in this court; and in the case above cited, the general and just principle is established, that contracts growing out of the completely internal commerce of the states, which is the subject of regulation by their municipal laws, should be left to be dealt with by the local tribunals. Whatever may be said of a claim for pilotage performed on the seas and to outward bound vessels, it is clear that a contract for service performed between Benicia and this port cannot be enforced in the admiralty.

In this case, however, no services were rendered. The claim is for an allowance given by the state law to pilots who offer their services. Independently, therefore, of the objection just noticed, it would seem that there has been no contract made or services rendered which the court could take cognizance of. Admitting that the service, if rendered, would have been maritime, and that a contract for pilotage to be performed wholly within the state could be enforced in this court, it by no means follows that the admiralty could have jurisdiction to enforce a payment of a statutory allowance, where no service has been rendered or contract entered into. It had been generally considered on the authority of the case of The General Smith, 4 Wheat. [17 U. S.] 439, that a lien given by state laws to a domestic material man could be enforced in the admiralty. But this was upon the idea that the contract for materials to a vessel about to proceed on